Treat, C. J. . This case was before this Court at the last term, and the decision will be found reported in 11 Ills., 341. Upon the remanding of the cause to the Circuit Court, the complainants amended their bill by making D. A. Smith, administrator do bonis non of Lewis Rider, a party defendant, who appeared and answered. Some additional proof was taken by the parties. The cause was then submitted, on this proof and the evidence previously taken, and a decree entered, that the complainants recover of the defendants, White and Webb, the sum of $329 38, to be distributed by the administrator of Rider in the due course of administration. The complainants being dissatisfied with the decree, have prosecuted an appeal for its reversal. The legal questions arising in the ease were fully settled in the former decision. The only question now presented for our consideration, is purely one of fact. It was decided at the last term, that the defendants, White and Webb, as sureties on the administration bond of Parker, were liable in this proceeding for all of the estate of Rider that came to the hands of the administrator, and was not accounted for by him. The only property of Rider consisted of the effects of the firm of Webb & Rider, of which firm Rider was an equal partner at his decease. The whole of the partnership effects, except a house and lot and the debts due the firm, were inventoried and sold by Parker, as the administrator of Rider. The controversy now is, whether this property, in whole or part, was not subsequently surrendered up by the administrator to the surviving partner, to be .applied in the adjustment of the partnership affairs. In refer•ence to this question, it was said in the former opinion: “If, vupon a further investigation of the case, it shall turn out that Parker disposed of the partnership property with the assent or acquiescence of Webb, then, as administrator, he became chargeable with the proceeds; and if he has not faithfully accounted for them, Ms sureties must make good the loss sustained by the creditors. But, if on the other hand, it shall appear that the property, or any part of it, was surrendered up in good faith by the administrator to the surviving partner, on his claim of right to dispose of it in winding up the affairs of the partnership, then, the sureties are not to be held responsible for what was thus returned to Webb.” The proof discloses substantially these facts. The property inventoried by the administrator was appraised at $1,022 66. It was sold by him at public auction, in October, 1838, on a credit of nine months, for the aggregate amount of $836 41. Webb, the surviving partner, bid off all of the property, but a part that sold for $199 18. James Linkins was the purchaser of one article for $3 12. The property stricken off to Webb consisted entirely of tools and materials used in the prosecution of the partnership. After the sale, Webb continued to carry on the same business, and in so doing, made use of this property. He also proceeded, to some extent, to settle the concerns of the partnership. The books and accounts were retained by him. Parker was well aware of the acts and purposes of Webb. The property purchased by Linkins was surrendered to Webb, with the assent of Parker. Parker died in April, 1839. Shortly before his death, an interview took place between him and Webb, in which the latter, as surviving partner, demanded the proceeds of all the property not bid off by him and Linkins, to enable him to wind up the business of the partnership. Parker admitted the justice of the claim, and said that on his return from St. Louis, they would have a settlement, and he would then turn over the notes to Webb in a legal way. He died on the trip to St. Louis. It does not appear that Parker ever accounted for any of the proceeds of the sale. Mor is there any proof that he ever received notes or other securities from Webb, for the payment of the property purchased by him. On this state of case, the Circuit Court held the sureties liable for all of the property sold by their principal—except the part bid off by Webb and Linkins—and interest from the time the purchase money became payable. We are entirely satisfied with the decree. The production of the sale bill was sufficient, prima facie, to charge the administrator with the gross amount of the sales, but the other circumstances of the case clearly overcome this presumption, as respects the property bid off by Webb and Linkins. It is obvious, that the administrator never received any money or securities on account of this property. The only controversy between him and. Webb seemed to be in relation to the property purchased by other persons; and, as,to that, Parker promised to pass over the proceeds to Webb, but died without so doing. It is very evident, that Parker considered the claim of Webb to the property in question, as surviving partner, superior to his right, as administrator of the deceased partner; and that he, therefore, permitted Webb to retain it in that character, rather than ns purchaser. If such was the case, the sureties, on the principles of the former decision, ought not to be held responsible for the value of the property thus surrendered. The decree must be affirmed, with costs. Decree affirmed.